IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

WALTER WILLIAM BLANCK,

Plaintiff,

v.

BUD HALL, ALBERT NESS, GENE MAGNUSON,
DANIEL S. CRAFT, STEVEN BISKUPIC,
MICHAEL BEST AND ASSOCIATES LAW FIRM,
SGT BEVERLY, C/O VERDEGEN,
and SGT. LAUFENBERG,

Defendants.

OPINION and ORDER

21-cv-435-jdp

---

Plaintiff Walter William Blanck, appearing pro se, is a prisoner at Green Bay Correctional Institution. Blanck has filed this lawsuit under 42 U.S.C. § 1983, alleging that he was "chemically opened" by the FBI and subjected to a decades-long conspiracy to harm him orchestrated by members of the federal and state governments and people associated with the Republican Party.

Blanck seeks leave to proceed in forma pauperis, but he has "struck out" under 28 U.S.C. § 1915(g), which means that he cannot obtain indigent status under § 1915 in any suit he files during the period of his incarceration unless he alleges facts in his complaint from which an inference may be drawn that he is in imminent danger of serious physical injury.

I will dismiss this case for three reasons. First, Blanck seeks leave to proceed in forma pauperis in this case, but as stated above, he has "struck out" under 28 U.S.C. § 1915(g). Therefore, he cannot proceed in forma pauperis in this case unless I conclude that his allegations show that he is in imminent danger of serious physical injury. Unlike other cases he has litigated in this court, *see* Nos. 13-cv-193-jdp and 14-cv-135-jdp, Blanck does not allege

how any of the defendants' actions are currently placing him in imminent danger of serious physical harm.

Second, even if Blanck did not seek in forma pauperis status, I would dismiss the case because he rehashes the same type of allegations about a decades-long conspiracy against him that the court has already concluded were frivolous. *See Blanck v. Mil. FBI*, No. 09-cv-354-bbc, Dkt. 11, at 3 (W.D. Wis. July 1, 2009) ("[Blanck's] allegations . . . have a paranoid quality that makes it impossible to accept them as true."); *Blanck v. Hall*, No. 19-cv-176-jdp, Dkt. 5 (W.D. Wis. Apr. 17, 2019) (dismissal of complaint with similar allegations as frivolous).

Third, Blanck asks for "unconditional release" from what he believes is a wrongful sentence, Dkt. 1, at 4. But challenges to his conviction belong in a petition for writ of habeas corpus. As I explained to Blanck in his most recent habeas case, No. 19-cv-177-jdp, this court cannot consider a habeas petition about his state-court conviction because he has already filed habeas challenges to that conviction. If he wants to challenge his conviction, he needs to ask the United States Court of Appeals for the Seventh Circuit for permission to file another habeas petition about his conviction.

Because Blanck's complaint is frivolous, I will dismiss the case and assess him another strike under § 1915(g). I will also issue the following sanction: any future case that Blanck files with the same allegations regarding the decades-long conspiracy to harm him will be summarily dismissed.

ORDER

IT IS ORDERED that:

1. This case is DISMISSED as frivolous.

2. The clerk of court is directed to enter judgment for defendants and close the case.

3. The clerk of court is directed to record a strike under 28 U.S.C. § 1915(g).

4. Plaintiff Walter William Blanck is sanctioned as stated in the opinion above.

Entered July 15, 2021.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge